**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50222 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-02703-JAH |
| v. | |
| ROBERTO GOMEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted April 5, 2011[**]

Before:    B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Roberto Gomez appeals from the 140-month sentence imposed following his

guilty-plea conviction for importation of methamphetamine and aiding and

abetting, in violation of 21 U.S.C. §§ 952 and 960 and 18 U.S.C. § 2.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Gomez contends that the district court procedurally erred by considering and relying upon an improper factor in fashioning his sentence; namely his failure, upon the advice of counsel, to disclose information regarding his finances, scars, and tattoos at the presentence interview. The district court's comments reflected its view that there was insufficient information to warrant a minor role reduction or a combination of factors departure. The record reflects that the district court, after careful consideration of the 18 U.S.C. § 3553(a) sentencing factors, provided a well-reasoned and thorough explanation for the below-Guidelines sentence imposed, and did not otherwise procedurally err. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007); *see also United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

In the alternative, Gomez contends that the district court interfered with his Sixth Amendment right to counsel by penalizing him for following his attorney's advice to remain silent on these matters at the presentence interview. This argument lacks merit as there is no indication that the court's sentence was designed to punish him for exercising a constitutional right. *See United States v. Curtin*, 588 F.3d 993, 998 (9th Cir. 2009).

**AFFIRMED.**